MICHAEL D. BRUNO (SBN: 166805)
JEROME SCHREIBSTEIN (SBN: 154051)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants
REGENTS OF THE UNIVERSITY OF CALIFORNIA, HARRY LAMPIRIS, GARY A JARVIS, and WALTER M. HOLLERAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI-HSUN DIN, as Successor in Interest to Richard Din, Deceased, and as Successor in Interest to Rey-Kung Din, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, REGENTS OF THE UNIVERSITY OF CALIFORNIA, HARRY LAMPIRIS, GARY A JARVIS, WALTER M. HOLLERAN and DOES 1 to 50,<br><br>Defendants. | CASE NO.  C 13-1935 JSW<br><br>**STIPULATED PROTECTIVE ORDER** |

## I.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section X, below, that this Stipulated Protective Order creates no entitlement to file confidential

UCR/1088145/16453612v.1

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

A. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

C. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

D. <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. This shall include confidential and/or proprietary knowledge, data or information of a Party. By way of illustration but not limitation, this shall include the identity, structure, chemical formula and composition of any materials in research or development by a Party; procedures and formulations for producing or manufacturing any such materials; all information relating to preclinical and clinical studies and the results thereof; regulatory documentation and/or submissions and information relating to the regulatory status of any such materials; any data, reports, analyses, techniques, processes, technical information, ideas, know-how, trade secrets, patents, patent applications or inventions; business, financial or personnel matters relating to a Party; and information relating to a Party's ongoing or potential projects, grants, grant proposals or its employees, contractors, suppliers, funders, collaborators or partners. "Highly Confidential – Attorneys' Eyes Only" Information also includes all such information of any third party from which a Party has received such information on a confidential basis.

1  **E.** <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material
2  from a Producing Party.
3  **F.** <u>Producing Party</u>: a Party or non-party that produces Disclosure or
4  Discovery Material in this action.
5  **G.** <u>Designating Party</u>: a Party or non-party that designates information or
6  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly
7  Confidential — Attorneys' Eyes Only."
8  **H.** <u>Protected Material</u>: any Disclosure or Discovery Material that is
9  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."
10 **I.** <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are
11 retained to represent or advise a Party in this action.
12 **J.** <u>House Counsel</u>:  attorneys who are employees of a Party.
13 **K.** <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well
14 as their support staffs).
15 **L.** <u>Expert</u>: a person with specialized knowledge or experience in a matter
16 pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert
17 witness or as a consultant in this action and who is not a past or a current employee of a Party or
18 of a competitor of a Party's and who, at the time of retention, is not anticipated to become an
19 employee of a Party or a competitor of a Party's.  This definition includes a professional jury or
20 trial consultant retained in connection with this litigation.
21 **M.** <u>Professional Vendors</u>: persons or entities that provide litigation support
22 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
23 organizing, storing, retrieving data in any form or medium; etc.) and their employees and
24 subcontractors.

25 **III.** **<u>SCOPE</u>**
26 The protections conferred by this Stipulation and Order cover not only Protected Material
27 (as defined above), but also any information copied or extracted therefrom, as well as all copies,
28 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 parties or counsel to or in court or in other settings that might reveal Protected Material.

## IV. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V. DESIGNATING PROTECTED MATERIAL

**A.** <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**B.** <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section V.C, below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**1.** <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top
2  of each page that contains protected material. If only a portion or portions of the material on a
3  page qualifies for protection, the Producing Party also must clearly identify the protected
4  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each
5  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

7      A Party or non-party that makes original documents or materials available for inspection
8  need not designate them for protection until after the inspecting Party has indicated which
9  material it would like copied and produced. During the inspection and before the designation, all
10 of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
11 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
12 copied and produced, the Producing Party must determine which documents, or portions thereof,
13 qualify for protection under this Order, then, before producing the specified documents, the
14 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
15 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains
16 Protected Material. If only a portion or portions of the material on a page qualifies for
17 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
18 making appropriate markings in the margins) and must specify, for each portion, the level of
19 protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
20 ATTORNEYS' EYES ONLY").

21     **2.** <u>for testimony given in deposition or in other pretrial or trial
22 proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the
23 record, before the close of the deposition, hearing, or other proceeding, all protected testimony,
24 and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –
25 ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of
26 testimony that is entitled to protection, and when it appears that substantial portions of the
27 testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the
28 testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

*Gordon & Rees LLP*
*Embarcadero Center West*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1 have up to 20 days to identify the specific portions of the testimony as to which protection is
2 sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
3 CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that
4 are appropriately designated for protection within the 20 days shall be covered by the provisions
5 of this Stipulated Protective Order.

6 Transcript pages containing Protected Material must be separately bound by the court
7 reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or
9 nonparty offering or sponsoring the witness or presenting the testimony.

10       **3.** <u>for information produced in some form other than documentary,</u>
11 <u>and for any other tangible items</u>, that the Producing Party affix in a prominent place on the
12 exterior of the container or containers in which the information or item is stored the legend
13 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only
14 portions of the information or item warrant protection, the Producing Party, to the extent
15 practicable, shall identify the protected portions, specifying whether they qualify as
16 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

17       **C.** <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
18 failure to designate qualified information or items as "Confidential" or "Highly Confidential –
19 Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure
20 protection under this Order for such material. If material is appropriately designated as
21 "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially
22 produced, the Receiving Party, on timely notification of the designation, must make reasonable
23 efforts to assure that the material is treated in accordance with the provisions of this Order.

24     **VI.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**
25       **A.**    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
26 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
27 economic burdens, or a later significant disruption or delay of the litigation, a Party does not
28 waive its right to challenge a confidentiality designation by electing not to mount a challenge

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  promptly after the original designation is disclosed.

2       **B.** <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a
3 Designating Party's confidentiality designation must do so in good faith and must begin the
4 process by conferring directly (in voice to voice dialogue; other forms of communication are not
5 sufficient) with counsel for the Designating Party. In conferring, the challenging Party must
6 explain the basis for its belief that the confidentiality designation was not proper and must give
7 the Designating Party an opportunity to review the designated material, to reconsider the
8 circumstances, and, if no change in designation is offered, to explain the basis for the chosen
9 designation. A challenging Party may proceed to the next stage of the challenge process only if
10 it has engaged in this meet and confer process first.

11       **C.** <u>Judicial Intervention</u>. A Party that elects to press a challenge to a
12 confidentiality designation after considering the justification offered by the Designating Party
13 may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule
14 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the
15 challenge. Each such motion must be accompanied by a competent declaration that affirms that
16 the movant has complied with the meet and confer requirements imposed in the preceding
17 paragraph and that sets forth with specificity the justification for the confidentiality designation
18 that was given by the Designating Party in the meet and confer dialogue.

19 The burden of persuasion in any such challenge proceeding shall be on the Designating
20 Party. Until the court rules on the challenge, all parties shall continue to afford the material in
21 question the level of protection to which it is entitled under the Producing Party's designation.

22 **VII.** **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

23       **A.** <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
24 disclosed or produced by another Party or by a non-party in connection with this case only for
25 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be
26 disclosed only to the categories of persons and under the conditions described in this Order.
27 When the litigation has been terminated, a Receiving Party must comply with the provisions of
28 section XI, below (FINAL DISPOSITION).

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Protected Material must be stored and maintained by a Receiving Party at a location and
2  in a secure manner that ensures that access is limited to the persons authorized under this Order.
3  **B.** <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless
4  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving
5  Party may disclose any information or item designated CONFIDENTIAL only to:
6  **1.** the Receiving Party's Outside Counsel of record in this action, as
7  well as employees of said Counsel to whom it is reasonably necessary to disclose the information
8  for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is
9  attached hereto as Exhibit A;
10  **2.** the officers, directors, and employees (including House Counsel)
11  of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who
12  have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);
13  **3.** experts (as defined in this Order) of the Receiving Party to whom
14  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
15  Bound by Protective Order" (Exhibit A);
16  **4.** the Court and its personnel;
17  **5.** court reporters, mediators and other ADR providers, their staffs,
18  and professional vendors to whom disclosure is reasonably necessary for this litigation and who
19  have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);
20  **6.** during their depositions, witnesses in the action to whom
21  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by
22  Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to
23  depositions that reveal Protected Material must be separately bound by the court reporter and
24  may not be disclosed to anyone except as permitted under this Stipulated Protective Order.
25  **7.** the author of the document or the original source of the
26  information.
27  **C.** <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
28  ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    1. the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    2. Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Section VII. D., below, have been followed;

    3. the Court and its personnel;

    4. court reporters, mediators and other ADR providers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    5. the author of the document or the original source of the information, and

    6. to a Party principal, to include Plaintiff, when disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

    D. <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

    1. Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

1  Expert's current employer(s), (5) identifies each person or entity from whom the Expert has
2  received compensation for work in his or her areas of expertise or to whom the expert has
3  provided professional services at any time during the preceding five years, and (6) identifies (by
4  name and number of the case, filing date, and location of court) any litigation in connection with
5  which the Expert has provided any professional services during the preceding five years.  This
6  request shall accompany a Party's disclosure of expert witnesses.

7        2.       A Party that makes a request and provides the information
8  specified in the preceding paragraph may disclose the subject Protected Material to the identified
9  Expert unless, within seven court days of delivering the request, the Party receives a written
10 objection from the Designating Party.  Any such objection must set forth in detail the grounds on
11 which it is based and be served via e-mail.

12        3.       A Party that receives a timely written objection must meet and
13 confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the
14 matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the
15 Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local
16 Rule 79-5, if applicable) seeking permission from the court to do so.   Any such motion must
17 describe the circumstances with specificity, set forth in detail the reasons for which the
18 disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would
19 entail and suggest any additional means that might be used to reduce that risk.  In addition, any
20 such motion must be accompanied by a competent declaration in which the movant describes the
21 parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and
22 confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to
23 approve the disclosure.  Such a motion must be filed within 7 days of a Party receiving an
24 objection as specified in Section VII.D.3.

25     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden
26 of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
27 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.  If the
28 matter in dispute is not resolved at least 10 days before the expert discovery cut-off, this Court

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

shall schedule a further case management conference to determine whether, among other things, the expert witness discovery cut-off, and other case management dates should be continued.

### VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

## X. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## XI. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION), above.

## XII. MISCELLANEOUS

A. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  August 21, 2013     LAW OFFICE OF J. STEVEN KENNEDY

By:   /S/
    J. STEVEN KENNEDY
Attorneys for Plaintiff WEI-HSUN DIN, as Successor in Interest to Richard Din, Deceased, and as Successor in Interest to Rey-Kung Din, Deceased

Dated:  August 21, 2013     GORDON & REES LLP

By:   /S/
    MICHAEL D. BRUNO
    JEROME SCHREIBSTEIN
Attorneys for Defendant
REGENTS OF THE UNIVERSITY OF CALIFORNIA, HARRY LAMPIRIS, GARY A JARVIS, and WALTER M. HOLLERAN

Dated:  August 21, 2013     MELINDA HAAG
United States Attorney

By:   /S/
ABRAHAM SIMMONS
Assistant United States Attorney
Attorneys for Defendant
UNITED STATES OF AMERICA

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [name], _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of WEI-HSUN DIN v. UNITED STATES OF AMERICA et al., Case No. C 13-1935 JSW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August 22, 2013

_____
Hon. Jeffrey S. White
United States District Court Judge

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

UCR/1088145/16152584v.1